Filed 12/16/21  In re Gabriel G. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re GABRIEL G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>GABRIEL G.,<br><br>        Defendant and Appellant. | A162494<br><br>(Contra Costa County<br>Super. Ct. No. J21-00093) |

In this delinquency case, minor Gabriel G. appeals from a dispositional order committing him to the custody of the Youthful Offender Treatment Program (YOTP). Appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), and asks this court to independently review the record and determine if there are arguable issues for appeal. Counsel informed Gabriel of his right to file a supplemental brief on his own behalf. No such brief was filed. We have examined the record, find no meritorious issues, and therefore affirm.

1

# BACKGROUND[1]

## A.    *The Underlying Offenses*

On February 19, 2021, 16-year-old Gabriel and a 19-year old accomplice, Jason A., robbed a CVS pharmacy in Fairfield. Upon entering the store, Gabriel jumped over a half-door near the front registers, pointed a gun at a cashier, and told her to open the register. Gabriel then made his way back to the pharmacy counter, where he handed an employee a note, pointed a gun at him, and demanded that he give him the controlled substances listed on the note. After procuring the pills, Gabriel returned to the front of the store and again pointed his gun at the cashier, once more demanding that she open her register. The cashier complied and put $200 into a bag.

Meanwhile, Jason approached a pregnant cashier, pointed a gun at her, and took an undisclosed amount of cash from her register. Jason also took about $5,000 from a floor safe.

Gabriel and Jason fled the scene in a black BMW and were later apprehended in Vacaville.

## B.    *Juvenile Court Proceedings*

Following the filing of an amended Welfare and Institutions Code section 602 petition, Gabriel admitted, pursuant to a plea bargain, he committed first degree robbery (Pen. Code, § 211), grand theft (*id.,* § 487, subd. (c)), and misdemeanor assault (*id.*, § 240).

The probation department determined that Gabriel was not a suitable candidate for an "open setting" like the Orin Allen Youth Rehabilitation Facility based on the sophistication of his offense. The department recommended commitment to YOTP.

---

[1] The stipulated facts are derived from the probation report.

At the contested disposition hearing on April 5, 2021, the juvenile court adjudged Gabriel a ward of the court, ordered a wardship with no termination date, and committed him to YOTP for a period not to exceed five years 10 months or until age 21, whichever occurs first, with credit for 47 days. In making this ruling, the juvenile court acknowledged that although this was Gabriel's first offense, his conduct was "horrific," observing: "This crime was not just extremely violent, but it was clearly planned out, clearly sophisticated, . . . a young man and a minor acting in concert and placing innumerable people at extreme risk."

## DISCUSSION

Under Welfare and Institutions Code section 202, juvenile proceedings are primarily rehabilitative. (*In re Eddie M.* (2003) 31 Cal.4th 480, 507.) "Within these bounds, the court has broad discretion to choose probation and/or various forms of custodial confinement in order to hold juveniles accountable for their behavior, and to protect the public." (*Ibid*.) Thus, dispositional orders for delinquent minors shall provide for "care, treatment, and guidance that is consistent with their best interest, that holds them accountable for their behavior, and that is appropriate for their circumstances." (Welf. & Inst. Code, § 202, subd. (b).) Juvenile placements need not follow any particular order, such as placement from the least to the most restrictive. (*In re Eddie M.*, at p. 507.)

When a juvenile court declares a minor a ward of the court, it may remove that minor from physical custody of a parent or guardian if, after a hearing, it finds, among other things, that "the welfare of the minor requires that custody be taken from the minor's parent or guardian." (Welf. & Inst. Code, § 726, subd. (a)(3).) A juvenile court faced with making such a determination at a delinquency disposition should "consider 'the broadest

3

range of information' in determining how best to rehabilitate a minor and afford [that minor] adequate care." (*In re Robert H.* (2002) 96 Cal.App.4th 1317, 1329 (*Robert H.*).) In addition to "other relevant and material evidence," a juvenile court making a dispositional order should consider "(1) the age of the minor, (2) the circumstances and gravity of the offense committed by the minor, and (3) the minor's previous delinquent history." (Welf. & Inst. Code, § 725.5.) When making such orders, the juvenile court is free to evaluate credibility, weigh the evidence, and accept or reject the recommendations of the probation department. (*Robert H.*, at p. 1329.)

We may reverse the juvenile court's dispositional order only upon a showing of abuse of discretion. (*Robert H.*, *supra*, 96 Cal.App.4th at pp. 1329–1330.) Thus, when reviewing such an order, " ' "[w]e must indulge all reasonable inferences to support the decision of the juvenile court and will not disturb its findings when there is substantial evidence to support them." ' " (*Id.* at p. 1330.) It is not our responsibility "to determine what we believe would be the most appropriate placement for a minor. This is the duty of the trial court, whose determination we reverse only if it has acted beyond the scope of reason." (*In re Khamphouy S.* (1993) 12 Cal.App.4th 1130, 1135.) "If the court has found that the minor is a person described by [Welfare and Institutions Code] [s]ection . . . 602 . . ., it may order and adjudge the minor to be a ward of the court." (Welf. & Inst. Code, § 725, subd. (b).) "If a minor . . . is adjudged a ward of the court . . . the court may make any reasonable orders for the care, supervision, custody, conduct, maintenance, and support of the minor . . . subject to further order of the court." (*Id.*, § 727, subd. (a).) There is no requirement that the court impose a time-limited wardship. (See *id.*, § 725, subd. (b); Cal. Rules of Court, rule 5.790(a)(2)(C).)

We conclude based on our independent review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 43 that there are no arguable appellate issues for our consideration.

## DISPOSITION

The order appealed from is affirmed.

_____

Ross, J.*

WE CONCUR:


_____

Streeter, Acting P.J.


_____

Brown, J.


*A162494 In re Gabriel G.*

* Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.